### BOLLES v. INTERNATIONAL SPECIALTIES CO.

(Supreme Court, Appellate Term. June 3, 1908.)

MASTER AND SERVANT—CONTRACT OF EMPLOYMENT.

 Certain cablegrams and communications between plaintiff and defendant *held* too indefinite and insufficient either to terminate an existing contract of employment or to constitute a new contract.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Frank Bolles against the International Specialties Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Davies, Stone & Auerbach (Charles E. Hotchkiss, of counsel), for appellant.

Percy L. Klock, for respondent.

PER CURIAM. There is no merit in any of the grounds advanced by the appellant for a reversal. The plaintiff did not resign prior to March, 1907, and it is plain from the testimony of the defendant's secretary that it was not understood that he had done so. The plaintiff's cablegram of February 28th, in answer to the defendant's cablegram to him of February 23d, was only an expression of an expectation to resign. After that the defendant's letter of February 19th was received by the plaintiff, who at once (on March 3d) cabled that he would resume work and remain until the matters under discussion were settled.

The claim that the proposals contained in the defendant's cablegrams and letters of about the date mentioned were too indefinite to constitute a contract is doubtless correct; but it is not a question of whether a contract was entered into, but whether an existing con-

tract was terminated by the correspondence. It was not sufficiently definite either to make or to end a contract. The parties were both left in the same situation after the correspondence as they were before, and it is plain that both so understood it. So far as the plaintiff's living expenses are concerned, the defendant had paid them during all the months before the controversy arose, and it is too late now to take the position that they were not intended to be included under the agreement.

The judgment should be affirmed, with costs.